## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| Peter F. Wingard | ) |
| Netlatch, LLC | ) |
|        Plaintiffs, | ) |
| | ) |
|     vs. | ) |
| | ) Civil Action File No.: 5:14-cv-147 |
| Mercedes-Benz of Beaumont | ) |
| Mercedes-Benz USA, LLC | ) |
| | ) |
|        Defendants. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiffs Peter F. Wingard and Netlatch, LLC ("Plaintiffs") hereby file this Complaint against Mercedes-Benz of Beaumont ("Mercedes Beaumont"), and Mercedes-Benz USA, LLC ("Mercedes-Benz") (collectively "Defendants") and respectfully allege as follows:

### PARTIES, JURISDICTION, AND VENUE

#### 1.

Plaintiff Peter F. Wingard is a resident of Georgia.

#### 2.

Netlatch, LLC is a limited liability company formed under the laws of Florida, having a principal place of business at 1061 OakPointe Place, Dunwoody, GA 30338.

3.

Upon information and belief, Defendant Mercedes Beaumont located at 1865 I-10 South Beaumont, TX 77701 has done business in the Eastern District of Texas at all times material hereto.

4.

Upon information and belief, Mercedes-Benz is a corporation having a principal place of business at 3 Mercedes Dr. Montvale, NJ, 07645. Mercedes-Benz is engaged in the business of importing, manufacturing, and/or selling motor vehicles to a network of Mercedes-Benz dealers and distributors with locations throughout the country.

5.

This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*

6.

Subject matter jurisdiction in this Court is proper under 28 U.S.C. §§ 1331, 1338(a).

7.

Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

8.

The Court has personal jurisdiction over Mercedes Beaumont *inter alia* because Mercedes Beaumont resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

9.

The Court has personal jurisdiction over Mercedes-Benz *inter alia* because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

10.

Wingard pioneered the technology behind keyless ignition systems.

11.

Keyless ignition systems enable engines in vehicles to be started with the use of coded key and in some instances without inserting the coded key in the ignition.  Generally, keyless ignition is achieved when a "key fob" transmits a unique code to a car's receiver and the unique code transmitted by the key fob matches the unique code stored on the car's memory.

12.

On June 25, 1996, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 5,530,431 ("the '431 patent"), entitled "Anti-Theft

Device For Protecting Electronic Equipment" to. Wingard. A true and correct copy of the '431 Patent is attached as Exhibit A.

13.

The '431 Patent is directed to apparatuses and methods for providing security for electronic equipment. In particular, the '431 Patent is directed to methods and apparatuses to secure electronic equipment by configuring the electronic equipment to power up only in the presence of a unique code transmitted to the electronic equipment from an external source.

14.

Wingard has been at all relevant times up to July 28, 2014, the owner of all rights, title, and interest in the '431 Patent.  On July 28, 2014, Wingard assigned the '431 patent to Netlatch, LLC.

## COUNT I: PATENT INFRINGEMENT
### (U.S. PATENT NO. 5,530,431)

15.

Plaintiffs reassert and incorporate by reference the allegations contained in Paragraphs 7 through 14 of its Complaint.

16.

The '431 Patent is valid.

17.

The '431 Patent is enforceable.

18.

Upon information and belief, Defendants make, use, sell, offer to sell, and/or import vehicles incorporating keyless ignition systems (i.e., systems that enable engines in vehicles to be started with the use of a coded key, which may or may not be inserted into an ignition).

19.

Upon information and belief, Mercedes Beaumont uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems (i.e., systems that enable engines in vehicles to be started with the use of a coded key, which may or may not be inserted into an ignition) (hereinafter, "Accused Mercedes Beaumont Products"). For example, upon information and belief, Mercedes Beaumont makes, uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems under the names KEYLESS-GO, Smart Entry, Keyless Access system, Keyless Entry System, Push Button Start, or names of like import.

20.

Upon information and belief, Mercedes makes, uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems (i.e., systems that enable engines in vehicles to be started with the use of a coded key, which may or may not be inserted into an ignition) (hereinafter, "Accused Mercedes Products"). For example, upon information and belief, Mercedes makes, uses, sells, offers to sell, and/or imports vehicles incorporating keyless ignition systems under the

names KEYLESS-GO, Smart Entry, Keyless Access system, Keyless Entry System, Push Button Start, or names of like import.

21.

Upon information and belief, the Accused Mercedes Beaumont Products and Accused Mercedes Products embody and/or practice the '431 Patent's claimed apparatus, system, and/or method for providing security for electronic equipment.

22.

Defendants Mercedes Beaumont and Mercedes have infringed, and are continuing to infringe, the '431 Patent by making, using, importing, selling and/or offering to sell the Accused Mercedes Beaumont Products and Accused Mercedes Products, respectively, within the United States, and/or by contributing to and/or inducing such infringement.

23.

For example, on information and belief, Mercedes Beaumont uses, imports, sells and/or offers to sell within the United States infringing products incorporating keyless ignition systems, including without limitation, the Accused Mercedes Beaumont Products.

24.

On information and belief, Mercedes makes, uses, imports, sells and/or offers to sell within the United States infringing products incorporating keyless ignition systems, including without limitation, the Accused Mercedes Products.

25.

Upon information and belief, by making, using, importing, selling, and/or offering to sell the Accused Mercedes Beaumont Products and Accused Mercedes Products in the United States, Defendants Mercedes Beaumont and Mercedes, respectively, with specific intent, have actively induced others to infringe the '431 Patent under 35 U.S.C. § 271(b).

26.

For example, Mercedes has actively induced, its dealers, its dealers' customers, and other purchasers of Mercedes vehicles such as Mercedes Beaumont to infringe the '431 Patent by making, importing, selling, and/or offering to sell the Accused Mercedes Products.

27.

Mercedes Beaumont has actively induced its customers to infringe the '431 Patent by importing, selling, and/or offering to sell the Accused Mercedes Beaumont Products for or to its customers.

28.

Upon information and belief, an Accused Mercedes Beaumont Product and Accused Mercedes Product constitutes a material part of the invention claimed in the '431 Patent.

29.

Upon information and belief, Defendants Mercedes Beaumont and Mercedes have both the knowledge and intent that the Accused Mercedes Beaumont Products and Accused Mercedes Products, respectively, that it makes, uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner, and Defendants Mercedes Beaumont and Mercedes encourage and promote the Accused Mercedes Beaumont Products and Accused Mercedes Products, respectively, to be used in an infringing manner.

30.

For example, Mercedes has both the knowledge and intent that the Accused Mercedes Products that it makes, uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner and encourages and promotes the Accused Mercedes Products to be used by its dealers, its dealers' customers, and other purchasers of Mercedes vehicles such as Mercedes Beaumont in an infringing manner.

31.

For example, Mercedes Beaumont has both the knowledge and intent that the Accused Mercedes Beaumont Products that it uses, imports, sells, and/or offers to sell in the United States will be used in an infringing manner and encourages and promotes the Accused Mercedes Beaumont Products to be used by its customers in an infringing manner.

32.

Upon information and belief, Defendants Mercedes Beaumont and Mercedes are making, using, importing, selling, and/or offering to sell in the United States the Accused Mercedes Beaumont Products and the Accused Mercedes Products, respectively, with knowledge that (1) the Accused Mercedes Beaumont Products and Accused Mercedes Products, respectively, are especially made or especially adapted for use in an infringement of the '431 Patent, and (2) the Accused Mercedes Beaumont Products and Accused Mercedes Products, respectively, are not staple articles or commodities of commerce suitable for noninfringing use.

33.

For example, upon information and belief, Defendant Mercedes is making, using, importing, selling, and/or offering to sell in the United States the Accused Mercedes Products to or for its dealers, its dealers' customers, and other purchasers of Mercedes vehicles such as Mercedes Beaumont with knowledge that (1) the Accused Mercedes Products are especially made or especially adapted for use in an infringement of the '431 Patent, and (2) the Accused Mercedes Products are not staple articles or commodities of commerce suitable for noninfringing use.

34.

For example, upon information and belief, Defendant Mercedes Beaumont is using, importing, selling, and/or offering to sell in the United States the Accused Mercedes Beaumont Products to its customers with knowledge that (1) the

Accused Mercedes Beaumont Products are especially made or especially adapted for use in an infringement of the '431 Patent, and (2) the Accused Mercedes Beaumont Products are not staple articles or commodities of commerce suitable for noninfringing use.

### 35.

Mercedes Beaumont and Mercedes are therefore liable as a contributory infringer under 35 U.S.C. § 271(c).

### 36.

Upon information and belief, Defendants' acts of direct and/or indirect infringement of the '431 Patent are and have been willful, have caused and will continue to cause Plaintiffs to suffer substantial damages, and have caused and will continue to cause Plaintiffs to suffer irreparable harm unless Defendants are permanently enjoined from continuing its infringement.

### 37.

Plaintiffs have no adequate remedy at law.

### 38.

Plaintiffs seek (1) damages adequate to compensate it for Defendants' infringement of the '431 Patent, (2) treble damages; (3) attorneys' fees; (4) cost; and (5) a preliminary and thereafter permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief against Defendants:

(a)    a judgment that Defendants infringed the '431 Patent;

(b)    that Defendants are preliminarily and permanently enjoined from further infringement pursuant to 35 U.S.C. § 283;

(c)    that Defendants be ordered pursuant to 35 U.S.C. § 284 to account to and pay Plaintiffs for the actual damages suffered by Plaintiffs as a result of Defendants' acts of infringement of the '431 Patent;

(d)    That Defendants be ordered to pay Plaintiffs treble damages pursuant to 35 U.S.C. §284;

(e)    That Defendants be ordered to pay prejudgment interest pursuant to 35 U.S.C. §284;

(f)    That Defendants be ordered to pay all costs associated with this action pursuant to 35 U.S.C. §284;

(g)    That Defendants be ordered to pay Plaintiffs' attorneys' fees pursuant to 35 U.S.C. §285; and

(h)    That Plaintiffs are granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable as of right and plead

in this case.

Respectfully submitted this 21st day of November, 2014.

/s/ Charlena Thorpe
Charlena L. Thorpe
Georgia Bar No. 760954
charlena.thorpe@charlenathorpe.com
THE LAW OFFICE OF CHARLENA
THORPE, INC.
2180 Satellite Boulevard
Suite 400
Duluth, GA 30097
Tel: 770-239-1642
Fax:  888-898-3784

*Attorney for Plaintiffs*

# EXHIBIT A